[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE
On August 28, 2000, this court filed its memorandum of decision regarding the plaintiff's ex-parte motion to cite in an additional party defendant (#130.51) and the plaintiff's motion to amend return date (#136). On September 13, 2000, the defendant, Tradewinds Group, Inc. (Tradewinds), filed a motion to reargue (#139). Although titled "Motion to Reargue," the court notes that Tradewinds' motion states that "pursuant to P.B. § 11-12 [Tradewinds] hereby moves to reargue and for the court to correct its Memorandum of Decision . . . 2 ." Defendant's Motion to Reargue, p. 1. The requested relief in the motion is the revision of one sentence of the factual findings that will not affect the result of the decision. The motion is unopposed. Based on these factors, it is unclear whether this motion is a motion to reargue, a motion to correct or both. To the extent that the motion is one to reargue, it is denied. It appears to the court, however, that the motion is in substance a motion to correct and the court will treat it as such.
In Part I of the court's decision dated August 28, 2000, the third paragraph at line seven states: "On April 19, 2000, the motion to cite was granted, and on April 20, 2000, service was made on Tradewinds." Tradewinds seeks to have the sentence revised to reflect that the summons and complaint were mailed to Tradewinds on April 20, 2000. After examining the record and the sheriff's return, the court will make the requested correction.
The sheriff's return, dated April 20, 2000, indicates that on said date, he mailed by certified mail, return receipt requested, a copy of the Writ, Summary and Complaint pursuant to General Statutes §33-929.[1] General Statutes § 33-929 (d) provides that effective date of service of process is "the earliest of: (1) The date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed. . . ." There is nothing in the record that indicates when Tradewinds received the certified mail containing the service of process, nor was a supplemental return filed with the court indicating when and by whom the return receipt was CT Page 12481 signed. Furthermore, § 33-929 (d)(1) is not applicable as the service of process was only mailed on April 20, 2000. Finally, it does not appear from the record that any other service of process was attempted.[2]
In Part I of the court's decision dated August 28, 2000, the third paragraph at line seven currently reads: "On April 19, 2000, the motion to cite was granted, and on April 20, 2000, service was made on Tradewinds." This is an error. The sentence is corrected to read: "On April 19, 2000, the motion to cite was granted, and on April 20, 2000, the writ, summons and complaint were mailed by certified mail, return receipt requested, to Tradewinds."
It is so ordered.
By the court
Arena, Judge